IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**FRANK CARMONA RODRIGUEZ**                                                         PLAINTIFF

V.                                   CASE NO. 5:18-cv-05118

**DEPUTY IVAN TORRES; SHERIFF HOLLOWAY;**
**CAPTAIN GUYLL; and TURN KEY HEALTH CLINICS**                    DEFENDANTS

## ORDER

Plaintiff Frank Carmona Rodriguez proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. In his First Amended Complaint (Doc. 30), he asserts claims for excessive force, unconstitutional conditions of confinement, and deliberate indifference to a medical condition. He names as Defendants Deputy Ivan Torres, Sheriff Holloway, Captain Guyll, and Turn Key Health Clinics. Currently pending before the Court is a Motion to Dismiss filed by Defendants Holloway and Guyll (Doc. 32), and a Motion to Dismiss filed by Defendants Holloway, Guyll, and Torres (Doc. 38). Also pending is a Joint Stipulation of Dismissal filed by the Plaintiff and Defendants Holloway, Guyll, and Torres (Doc. 43).

## I. BACKGROUND

In their Motion to Dismiss filed on October 1, 2018 (Doc. 32), Defendants Holloway and Guyll argue that the Plaintiff's First Amended Complaint fails to state facts showing that either of them engaged in wrongful activity or caused damage or injury to the Plaintiff. The same day the motion was filed, the Court entered a text-only Order (Doc. 35) directing Plaintiff to file a response by October 22, 2018. In the Order, the Plaintiff was "advised that failure to timely and properly comply . . . shall result in the dismissal of this action,

1

without prejudice, pursuant to Local Rule 5.5(c)(2)." *Id.* The Plaintiff did not respond to the Motion to Dismiss by the appointed deadline.

Defendants Holloway, Guyll, and Torres filed a subsequent Motion to Dismiss (Doc. 38) seeking dismissal of all claims against them due to Plaintiff's failure to comply with the Court's text-only Order of October 1. On October 29, 2018, the Court entered another text-only Order, directing Plaintiff to respond to Defendants' newest motion to dismiss by November 19, 2018. (Doc. 41). On November 7, 2018, Plaintiff responded to both pending motions to dismiss in the same document, stating succinctly that he "would like to ask the court for a denial on the dismissal of this action." (Doc. 42). Also on November 7, 2018, Defendants Holloway, Guyll, and Torres joined the Plaintiff in filing a Stipulation of Dismissal concerning Plaintiff's claims about overcrowding, lack of working TB lights, dirty ventilation/bad-smelling air, excessive noise, and sub-standard food in the jail. *See* Doc. 43. Plaintiff then filed a further response to Holloway's and Guyll's Motion to Dismiss (Doc. 32), confirming that he wished to dismiss the claims that were listed in the Join Stipulation, but pursue all the rest of his claims. *See* Doc. 47. Below, the Court will consider the parties' Joint Stipulation and then rule on the pending Motions to Dismiss.

## II. MOTIONS

### A. Joint Stipulation of Dismissal (Doc. 43)

Pursuant to the Joint Stipulation of Dismissal filed by the Plaintiff and Defendants Holloway, Guyll, and Torres, all claims alleging that Plaintiff's rights were violated due to unconstitutional conditions of confinement—including overcrowding, lack of working TB lights, dirty ventilation/bad-smelling air, excessive noise, and sub-standard food—are **DISMISSED WITHOUT PREJUDICE**.

## B. Motions to Dismiss (Docs. 32, 38)

### 1. Legal Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal– Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### 2. Motion to Dismiss for Failure to Comply with a Court Order (Doc. 38)

Holloway, Guyll, and Torres argue in their more recent Motion to Dismiss (Doc. 38) that the Court should dismiss Plaintiff's claims due to his failure to comply with an order directing him to file a response to a motion by a date certain. The Court agrees that Plaintiff filed his response to the motion out of time, and in doing so, also violated the Court's text-only Order (Doc. 35) that set the response deadline. With all that said, however, the Court in its discretion chooses to excuse Plaintiff's lateness in filing in favor of considering his response to the motion on the merits. For these reasons, Defendants' more recent Motion to Dismiss (Doc. 38) is **DENIED**.

### 3. Motion to Dismiss for Failure to State a Claim (Doc. 32)

#### A. Personal Capacity Claims

Holloway and Guyll move to dismiss all of Plaintiff's personal and official capacity claims against them. The First Amended Complaint asserts that Holloway and Guyll, the supervisors of separate Defendant Torres, failed to properly train and supervise Torres, which caused him to use excessive force against the Plaintiff. While supervisors may be held individually liable under a failure to supervise theory, a plaintiff must show that the supervising official was "deliberately indifferent to or tacitly authorized the offending acts." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). To demonstrate "deliberate indifference," the plaintiff must prove "the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Id.* "A single incident, or a series of isolated incidents, usually provides an insufficient basis upon which to assign supervisory liability." *Howard v. Adkison*, 887 F.2d 134, 138 (8th Cir. 1989).

Further, "[l]iability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that violated the plaintiff's federal constitutional rights.

The Court finds that the First Amended Complaint fails to mention either Holloway or Guyll by name. It also fails to allege that either Defendant had notice that their training

4

procedures or supervision was inadequate. Accordingly, Plaintiff has failed to allege a causal link between his claims and either Holloway or Guyll. The personal capacity claims against both Defendants are, therefore, subject to dismissal without prejudice for failure to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (finding that even a *pro se* plaintiff must allege specific facts sufficient to state a claim).

### 3. Official Capacity Claims

Plaintiff also sues Holloway and Guyll in their official capacities. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). "[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish any liability on the employing governmental entity under section 1983, a "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, a plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

Here, although Plaintiff alleges generally that Torres's supervisors failed to properly train and supervise him, Plaintiff does not point to the existence of an unconstitutional policy or custom of Benton County that led to the violation of his

constitutional rights. Plaintiff's official capacity claims against Holloway and Guyll are, therefore, subject to dismissal.

## III. CONCLUSION

Accordingly, tor the reasons set forth above, **IT IS ORDERED** that, pursuant to the Joint Stipulation of Dismissal (Doc. 43), Plaintiff's claims concerning unconstitutional conditions of confinement—including overcrowding, lack of working TB lights, dirty ventilation/bad smelling air, excessive noise, and sub-standard food—are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants Holloway and Guyll's Second Motion to Dismiss (Doc. 32) is **GRANTED**, and all of Plaintiff's personal and official capacity claims against these two Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 38), concerning Plaintiff's late filing/failure to respond, is **DENIED**.

In light of the above rulings, the claims that remain for further resolution are: (1) Plaintiff's claim of excessive force against Defendant Torres and (2) Plaintiff's claim of deliberate indifference to a medical condition against Defendant Turn Key Health Clinics.

**IT IS SO ORDERED** on this 11th day of December, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE